1  Matthew Cook Bernstein (SBN 199240)
2  Matt@BernsteinIPStrategy.com
   BERNSTEIN IP STRATEGY
3  14161 Caminito Vistana
4  San Diego, CA 92130
   Telephone: 619-254-3273
5
6  Attorney for Plaintiff
7  HISENSE USA CORPORATION
8
9
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>POLARIS POWERLED<br>TECHNOLOGIES, LLC<br><br>       Defendant. | CASE NO.<br><br><br>**HISENSE'S COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hisense USA Corporation ("Hisense") seeks a declaration that Hisense does not directly or indirectly infringe United States Patent Nos. 7,843,148 (the "'148 patent"), 8,217,887 (the "'887 patent"), 8,314,572 (the "'572 patent"), and 8,581,810 (the "'810 patent") (collectively the "patents-in-suit" or "asserted patents"), either literally or under the doctrine of equivalents, and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code and

1. the Declaratory Judgment Act. Hisense seeks this relief because Defendant Polaris PowerLED Technologies, LLC ("Polaris") has a history of suing Hisense for patent infringement, and because Polaris is again threatening Hisense and Hisense's business by alleging patent infringement on additional patents.

2. Specifically, Polaris previously sued Hisense and its affiliates on January 21, 2020 in this Court alleging infringement of U.S. Patent numbers 7,239,087 and 8,223,117, Case No. 8:20-cv-00123.

3. On January 17, 2025, Polaris sent Hisense a letter claiming to own the '148, '887, '572, and '810 patents. Polaris' letter further stated that Hisense and its affiliates "infringe these patents." Polaris demanded that Hisense "cease from making, using, importing, selling and offering for sale products that are infringing and using Polaris' patented technologies." In its January 17, 2025 letter, Polaris accused Hisense's U6 and U8 Series TVs of infringing the asserted patents, and Polaris specifically identified the Hisense 65U6N and 65U8K products of infringing specific claims of the asserted patents—i.e., claim 1 of each of the four patents. A true and correct copy the January 17, 2025 letter is attached as Exhibit A.

4. In addition to previously suing Hisense on two patents and threatening Hisense on at least four additional patents, Polaris has already sued Hisense's competitor Vizio on the asserted '148 patent in this Court, Case No. 2:23-cv-03478-GW-PDx, and Polaris previously sued Samsung on the '887 patent, and also recently (approximately two months ago) sued Samsung on the '572 patent.

5. Furthermore, Defendant Polaris is an assertion entity that has filed over 15 cases over the past several years, including 10 in this Court.

6. Hisense thus brings this action to obtain a declaratory judgment that Hisense's products do not infringe any claims of the '148, '887, '572, and '810 patents, directly or indirectly, literally, or under the doctrine of equivalents. This

court should not allow the threat of a future lawsuit and uncertainty surrounding Polaris' allegations to harm and cause unpredictability to Hisense's business.

## THE PARTIES

7. Plaintiff Hisense is a Georgia corporation having its principal place of business at 7310 McGinnis Ferry Road, Suwanee, Georgia.

8. Upon information and belief, Defendant Polaris is a California limited liability company having its address at 4140 East Pacific Coast Highway, Suite 200, Long Beach, California.

## JURISIDCTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code, and under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

10. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is also proper because Polaris and Hisense are citizens of different states, and the value of the controversy exceeds $75,000.

11. Polaris is subject to personal jurisdiction in this Court because it is a California resident, with an address at 4140 East Pacific Coast Highway, Suite 200, Long Beach. Furthermore, this controversy arises out of Polaris' contacts with this state, and Polaris has purposefully availed itself to do business in this state at least by conducting an enforcement, letter writing, and litigation campaign based in California, and based on Polaris filing 10 suits in this Court alleging infringement of its patents.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Polaris resides in this District and because a substantial part of the events giving rise to the claims alleged in the Complaint occurred in this District

1  and Polaris is subject to the Court's personal jurisdiction with respect to this civil
2  action.
3      13.    For these reasons and the reasons set forth below, a substantial
4  controversy exists between the parties which is of sufficient immediacy and reality
5  to warrant declaratory relief.

## THE ASSERTED PATENTS

7      14.    On November 30, 2010, the United States Patent and Trade Office (the
8  "Patent Office") issued the '148 patent entitled "Driving Multiple Parallel LEDs
9  with Reduced Power Supply Ripple" to Christian Gater and Roel Van Ettinger. A
10 true and correct copy of the '148 patent is attached as Exhibit B. Upon information
11 and belief, Polaris is the owner by assignment of the '148 patent.
12     15.    On July 10, 2012, the Patent Office issued the '887 patent entitled
13 "System and Method for Backlight Control for an Electronic Display" to Dilip
14 Sangam, Hendrik Santo, Tushar Dhayagude, Klen Vi, and Sean Chen. A true and
15 correct copy of the '887 patent is attached as Exhibit C. Upon information and
16 belief, Polaris is the owner by assignment of the '887 patent.
17     16.    On November 20, 2012, the Patent Office issued the '572 patent
18 entitled "Apparatus and Methodology for Enhancing Efficiency of a Power
19 Distribution System Having Power Factor Correction Capability by Using a Self-
20 Calibrating Controller" to Matthew Schindler, Tushar Dhayagude, Hendrik Santo,
21 and Dilip Sangam. A true and correct copy of the '572 patent is attached as Exhibit
22 D. Upon information and belief, Polaris is the owner by assignment of the '572
23 patent.
24     17.    On November 12, 2013, the Patent Office issued the '810 patent
25 entitled "Methods and Circuits for Self-Calibrating Controller" to Tushar
26 Dhayagude and Hendrik Santo. A true and correct copy of the '810 patent is
27 attached as Exhibit E. Upon information and belief, Polaris is the owner by
28 assignment of the '810 patent.

## COUNT ONE

### (Declaratory Judgment of Noninfringement of the '148 Patent)

18. Hisense repeats and realleges Paragraphs 1 through 17 of this Complaint.

19. Hisense and its affiliates have not infringed and do not infringe any claims of the '148 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through their making, use, importation into the United States, sale, and/or offer for sale of any Hisense products.

20. Polaris accuses Hisense of infringing claim 1 of the '148 patent. Claim 1 of the '148 patent is directed to:

> A light emitting diode (LED) driver for driving LED's connected to different parallel paths, the driver comprising:
>
> a voltage source for connection to first ends of LEDs in a plurality of parallel paths;
>
> a plurality of current set circuits, one current set circuit per parallel path, each current set circuit controlling a peak current through one or more LEDs connected in each parallel path; and
>
> a pulse-width modulated (PWM) brightness control signal generator connected to the plurality of current set circuits, the brightness control signal generator being configured to generate staggered PWM brightness control signals to the plurality of current circuits,
>
> each current set circuit being configured to draw the peak current through its associated one or more LEDs at a duty cycle substantially corresponding to a duty cycle of a PWM brightness control signal applied to it, such that the plurality of current set circuits conduct current through their associated one more LEDs at the same duty cycle but out of phase with each other.

21. Contrary to Polaris' contentions, Hisense's products do not infringe claim 1 and the other claims of the '148 patent at least because the Hisense products do not contain "a plurality of current set circuits, one current set circuit per parallel

path, each current set circuit controlling a peak current through one or more LEDs connected in each parallel path," as required by the claims of the '148 patent.

22. Accordingly, at least for the above reasons, Hisense's products do not infringe the claims of the '148 patent either literally or under the doctrine of equivalents.

23. Hisense also does not induce infringement of the '148 patent, or otherwise indirectly infringe the '148 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '148 patent, and also because Hisense has not acted with specific intent necessary for induced infringement.

24. Hisense also does not contributorily infringe the '148 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '148 patent, and also because Hisense has not acted with specific intent necessary for contributory infringement.

25. As set forth above, there exists an actual controversy between Hisense and Polaris with respect to alleged infringement of the '148 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Hisense infringes the '148 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '148 patent.

26. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of the asserted claims of the '148 patent.

27. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '148 patent.

///

///

///

# COUNT TWO

## (Declaratory Judgment of Noninfringement of the '887 Patent)

28. Hisense repeats and realleges Paragraphs 1 through 17 of this Complaint.

29. Hisense and its affiliates have not infringed and do not infringe any claims of the '887 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through their making, use, importation into the United States, sale, and/or offer for sale of any Hisense products.

30. Polaris accuses Hisense of infringing claim 1 of the '887 patent. Claim 1 of the '887 patent is directed to:

> A control circuit for an electronic display comprising:
> a first circuitry for controlling luminosity levels of a plurality of strings of light emitting diodes (LEDs);
>
> a second circuitry for controlling a plurality of pixels for displaying a plurality of image frames of a video;
>
> the second circuitry for displaying each image frame of the plurality of image frames for a predetermined period of time, the second circuitry configured to change a displayed image frame once every cycle of a first clock signal having a first frequency; and
>
> the first circuitry for adjusting the luminosity levels of the plurality of strings of LEDs for a plurality of times within the predetermined period of time, the first circuitry configured to adjust the luminosity levels according to a second clock signal having a second frequency that is a multiple of the first frequency and is higher than the first frequency.

31. Contrary to Polaris' contentions, Hisense's products do not infringe claim 1 and the other claims of the '887 patent at least because the Hisense products do not contain "the first circuitry for adjusting the luminosity levels of the plurality of strings of LEDs for a plurality of times within the predetermined period of time, the first circuitry configured to adjust the luminosity levels according to a second clock signal having a second frequency that is a multiple of the first frequency and is higher than the first frequency," as required by the claims of the '887 patent.

32. Accordingly, at least for the above reasons, Hisense's products do not infringe the claims of the '887 patent either literally or under the doctrine of equivalents.

33. Hisense also does not induce infringement of the '887 patent, or otherwise indirectly infringe the '887 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '887 patent, and also because Hisense has not acted with specific intent necessary for induced infringement.

34. Hisense also does not contributorily infringe the '887 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '887 patent, and also because Hisense has not acted with specific intent necessary for contributory infringement.

35. As set forth above, there exists an actual controversy between Hisense and Polaris with respect to alleged infringement of the '887 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Hisense infringes the '887 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '887 patent.

36. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of the asserted claims of the '887 patent.

37. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '887 patent.

## COUNT THREE

**(Declaratory Judgment of Noninfringement of the '572 Patent)**

38. Hisense repeats and realleges Paragraphs 1 through 37 of this Complaint.

39. Hisense and its affiliates have not infringed and do not infringe any claims of the '572 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through their making, use, importation into the United States, sale, and/or offer for sale of any Hisense products.

40. Polaris accuses Hisense of infringing claim 1 of the '572 patent. Claim 1 of the '572 patent is directed to:

> A circuit for controlling one or more light emitted diode (LED) strings comprising:
>
> a detector coupled to one or more LED strings and a programmable controller, wherein the detector is capable of: detecting a first measurable parameter of the one or more LED strings;
>
> the programmable controller that:
>
> receives information from the detector related to the first measurable parameter; and
>
> based on the received information, adjusts one or more controllable parameters of the one ore more LED strings until receiving an indication from the detector that the first measurable parameter meets a reference condition,
>
> wherein adjusting one or more controllable parameters includes using the information to determine a desired drive voltage level value, and generating a control signal indicative of the desired drive voltage value; and
>
> a power supply having a power factor correction capability that: receives the control signal as a first input; receives an AC voltage waveform as a second input; and generates a drive voltage based on the control signal.

41. Contrary to Polaris' contentions, Hisense's products do not infringe claim 1 and the other claims of the '572 patent at least because the Hisense products do not contain the claimed "programmable controller" of the claims of the '572 patent.

42. Accordingly, at least for the above reasons, Hisense's products do not infringe the claims of the '572 patent either literally or under the doctrine of equivalents.

43. Hisense also does not induce infringement of the '572 patent, or otherwise indirectly infringe the '572 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '572 patent, and also because Hisense has not acted with specific intent necessary for induced infringement.

44. Hisense also does not contributorily infringe the '572 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '572 patent, and also because Hisense has not acted with specific intent necessary for contributory infringement.

45. As set forth above, there exists an actual controversy between Hisense and Polaris with respect to alleged infringement of the '572 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Hisense infringes the '572 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '572 patent.

46. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of the asserted claims of the '572 patent.

47. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '572 patent.

## COUNT FOUR

**(Declaratory Judgment of Noninfringement of the '810 Patent)**

48. Hisense repeats and realleges Paragraphs 1 through 47 of this Complaint.

HISENSE'S COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT

49. Hisense and its affiliates have not infringed and do not infringe any claims of the '810 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through their making, use, importation into the United States, sale, and/or offer for sale of any Hisense products.

50. Polaris accuses Hisense of infringing claim 1 of the '810 patent. Claim 1 of the '810 patent is directed to:

> A circuit comprising:
> one or more LED drivers configured for coupling to one or more LEDs and configured to regulate operation of the one or more LEDs, where the LED drivers are configured to receive a drive voltage from a power supply;
>
> a programmable decentralized controller coupled to the power supply and one or more detectors, where the one or more detectors are configured to detect one or more measurable parameters of the one or more LEDs or LED drivers;
>
> said controller configured to control the power supply to set the drive voltage;
>
> said controller configured to receive information from the one or more detectors related to the one or more measurable parameters;
>
> said controller configured to adjust one or more controllable parameters until one or more detectors indicate that one or more measurable parameters in one of the LEDs or LED drivers meet a reference condition; and
>
> said controller configured to set one of more of the controllable parameters to operate at a value relative to the value of the controllable parameters at which the reference condition was met.

51. Contrary to Polaris' contentions, Hisense's products do not infringe claim 1 and the other claims of the '810 patent at least because the Hisense products do not contain "a programmable decentralized controller coupled to the power supply and one or more detectors, where the one or more detectors are configured to detect one or more measurable parameters of the one or more LEDs or LED drivers," as required by the claims of the '810 patent.

52. Accordingly, at least for the above reasons, Hisense's products do not infringe the claims of the '810 patent either literally or under the doctrine of equivalents.

53. Hisense also does not induce infringement of the '810 patent, or otherwise indirectly infringe the '810 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '810 patent, and also because Hisense has not acted with specific intent necessary for induced infringement.

54. Hisense also does not contributorily infringe the '810 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '810 patent, and also because Hisense has not acted with specific intent necessary for contributory infringement.

55. As set forth above, there exists an actual controversy between Hisense and Polaris with respect to alleged infringement of the '810 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Hisense infringes the '810 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '810 patent.

56. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of the asserted claims of the '810 patent.

57. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '810 patent.

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Hisense respectfully requests that judgment be entered:

A. Declaring that judgment be entered in favor of Hisense and against Polaris;

B. Declaring that Hisense and its affiliates do not infringe, either directly or indirectly, contributorily, by inducement, or willfully, any claim of the '148, '887, '572, and '810 patents by making, using, selling, offering to sell, and/or importing any Hisense products;

C. Finding this to be an exceptional case under 35 U.S.C. § 285, and awarding Hisense its reasonable attorneys' fees;

D. Awarding Hisense it costs associated with this case; and

E. Awarding Hisense any other remedy or relief to which Hisense may be entitled and which the Court deems just, proper, and equitable.

## JURY DEMAND

Hisense demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,
BERNSTEIN IP STRATEGY

Dated: January 28, 2025      By: //s// *Matthew Cook Bernstein*
                                  Matthew Cook Bernstein
                                  Attorney for Plaintiff